UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THEREASE ANITA MILES,

    Plaintiff,

v.                                                   Case No. 3:25-cv-158-MMH-PDB

HON. JOHN AUGUSTINE MORAN III,
in his official capacity,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On February 13, 2025, Plaintiff Therease Anita Miles initiated this action, pro se, by filing a Complaint for Violation of Civil Rights (Doc. 1; Complaint) against Defendant, John Augustine Moran III, in his official capacity as an Administrative Law Judge (ALJ) for the State of Florida. See Complaint ¶¶ I.B, II.D. On February 14, 2025, Miles filed another Complaint for Violation of Civil Rights (Doc. 2; Amended Complaint). Upon review of the Amended Complaint, the Court finds that it is improper for a number of reasons, and is due to be stricken. In the analysis that follows, the Court will discuss some of the problems with the Amended Complaint as currently drafted and provide Miles with the opportunity to file a second amended complaint. Miles should carefully review

this Order and consider utilizing the resources available to pro se litigants, cited below, before filing a second amended complaint. Failure to comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice.

While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x. 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading

---

[1] All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure (Rule(s)) and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules"). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online or in the law libraries of state courthouses.

In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Rules 8 and 10 work together "'to require the pleader to present h[er] claims discretely and succinctly, so that h[er] adversary can discern what [s]he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., 405 F. App'x. 459, 460 (11th Cir. 2010) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)).

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleadings. See generally Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings). The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have

had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Here, Miles's Amended Complaint falls into the second and third categories of shotgun pleadings. See Weiland, 792 F.3d at 1322-23. First, Miles's Amended Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. Miles utilizes broad generalities, vague references, and legal conclusions

throughout the Amended Complaint but fails to include specific factual allegations about the events giving rise to her legal claims. For example, in the Amended Complaint, Miles references violations of the First Amendment, Fifth Amendment, 18 U.S.C. § 1621,, Florida Statute section 92.525, and Florida Statute section 784.048(3), see Amended Complaint at 3, but Miles makes no effort to connect the facts within the Amended Complaint to any particular legal cause of action. As can best be discerned from the Amended Complaint, Miles is alleging that Judge Moran did not afford her an adequate opportunity to have her case heard. See generally id. However, in the Amended Complaint, she goes on to include seemingly immaterial and vague facts pertaining to alleged stalking and harassment as well as complaints about a non-party judge. See id. at 5-6. And she also contends that Judge Moran violated his own wife's rights under the Health Insurance Portability and Accountability Act (HIPAA). See id. at 4. With these vague and seemingly immaterial facts throughout the Amended Complaint, it is difficult for the Court—and for Defendant—to discern precisely what misconduct Miles is alleging.

Likewise, Miles's Amended Complaint falls into the third category of shotgun pleading identified in Weiland as she "commits the sin of not separating into a different count each cause of action or claim for relief." Weiland, 792 F.3d at 1323. As noted above, Miles alleges violations of the First

Amendment, the Fifth Amendment, 18 U.S.C. § 1621, Florida Statutes section 95.525, Florida Statutes section 784.048(3), and HIPAA. See Amended Complaint at 3. However, Miles makes no attempt to state a claim under any particular statute or separate the claims into distinct counts, such that the Court cannot determine which facts relate to any claim. Without separating the causes of action into distinct counts, and tying the facts to a count, neither the Court nor the Defendant can adequately discern the nature of the claims being asserted.

Thus, for the foregoing reasons, the Court will strike Miles's Amended Complaint as an impermissible shotgun pleading and direct Miles to file a second amended complaint. See Holbrook, 405 F. App'x at 460-61 ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). Pursuant to Rules 8(a)(2) and 10(b), in her second amended complaint Miles must set forth separate causes of action in numbered paragraphs and separate counts, and must provide "a short and plain statement" of her claims that demonstrate that Miles is entitled to relief. See Rules 8(a)(2), 10(b). Miles should take care to avoid the shotgun pleading deficiencies discussed in this Order and describe in sufficient detail the factual basis for each of her claims.

Prior to filing her second amended complaint, the Court encourages Miles to consider consulting with a legal aid organization that offers free legal

services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Miles may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[2]

(*Remainder of page left intentionally blank*)

---

[2] In preparing the second amended complaint and any future filings, the Court recommends that Miles visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Miles does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

- 7 -

Accordingly, it is

**ORDERED:**

1. Miles's Amended Complaint for Violation of Civil Rights (Doc. 2) is **STRICKEN**.

2. Miles must file a second amended complaint consistent with the directives of this Order **on or before March 28, 2025**. Failure to do so may result in the dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida this 27th day of February, 2025.

MARCIA MORALES HOWARD
United States District Judge

Lc34

Copies to:
Pro Se Party

- 8 -