UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THEREASE ANITA MILES,

    Plaintiff,

v.                                            Case No. 3:25-cv-158-MMH-PDB

HON. JOHN AUGUSTINE MORAN II,
in his official capacity,

    Defendant.

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for New Temporary Restraining Order and Preliminary Injunction on Defendant, Judge John A. Moran III [sic] (Doc. 29; Motion), filed on October 20, 2025. In the Motion, Plaintiff asserts that over the last few months unidentified individuals have been breaking into her home. See Motion at 1-5. Plaintiff also maintains that she is being "monitored and stalked daily." Id. at 5. She believes Defendant has orchestrated the break-ins and stalking to intimidate Plaintiff into dropping her lawsuit. Id. at 3-4, 5. Plaintiff also believes Defendant is somehow responsible for her not receiving her monthly Social Security check. Id. at 6. Plaintiff requests entry of a temporary restraining order or preliminary injunction prohibiting Defendant from harassing, stalking,

or breaking into Plaintiff's home. See Motion at 1, 7-8. Upon review, the Motion is due to be denied.

Requests for temporary restraining orders or preliminary injunctive relief must comply with Rule 65 of the Federal Rules of Civil Procedure (Rule(s)) and Local Rules 6.01 and 6.02 of the United States District Court, Middle District of Florida (Local Rule(s)). Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Likewise, Local Rule 6.01(a) requires that a motion for temporary restraining order include, among other things: "specific facts—supported by a verified complaint, an affidavit, or other evidence—demonstrating an entitlement to relief," "a precise and verified description of the conduct and the persons subject to restraint," "a precise and verified explanation of the amount and form of the required security," "a supporting legal memorandum," and "a proposed order." Local Rule 6.01(b) sets out the requirements for the legal memorandum which must establish:

> (1) the likelihood that the movant ultimately will prevail on the merits of the claim,
> (2) the irreparable nature of the threatened injury and the reason that notice is impractical,
> (3) the harm that might result absent a restraining order, and
> (4) the nature and extent of any public interest affected.

Pursuant to Local Rule 6.02, motions for preliminary injunction must comply with Local Rule 6.01(a) and (b) as well. See Local Rule 6.02(a)(1).

Here, Plaintiff's Motion fails to comply with nearly all of the applicable rules. In the Motion, Plaintiff does not address her likelihood of success on the merits, the potential harm to Defendant, or the effect on the public interest. Indeed, Plaintiff does not include any memorandum of law or citation to legal authority supporting the relief she seeks. Nor does Plaintiff address the amount and form of the required security. She also fails to provide a proposed order.

Most significantly, Plaintiff fails to submit any evidence in support of the extraordinary, emergency relief she seeks. See Rule 65(b)(1)(A); Local Rule 6.01(a)(2); see also McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) ("In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy . . . .'" (citation omitted)). Plaintiff's Amended Complaint for Violation of Civil Rights (Doc. 6) is not verified, and Plaintiff has not filed any

affidavits or declarations in support of her Motion.[1] Moreover, even assuming Plaintiff would testify to the truth of the factual statements in the Motion, she offers only her personal belief that Defendant is responsible for the conduct of which she complains. This is insufficient. See Touchston v. McDermott, 120 F. Supp. 2d 1055, 1059 (M.D. Fla. 2000) ("'[W]hen the primary evidence introduced is an affidavit made on information and belief rather than on personal knowledge, it generally is considered insufficient to support a motion for preliminary injunction.'" (quoting 11A Wright & Miller's Federal Practice & Procedure § 2949 (2d ed. 1995)); see also Marshall Durbin Farms, Inc. v. Nat'l Farmers Org., Inc., 446 F.2d 353, 357 (5th Cir. 1971)[2] ("[T]he district courts have shown appropriate reluctance to issue [preliminary injunction orders] where the moving party substantiates [her] side of a factual dispute on information and belief.").[3] Thus, Plaintiff has not met her burden of establishing an entitlement to the extraordinary relief she seeks. See McMahon v. Cleveland Clinic Found. Police Dep't, 455 F. App'x 874, 878 (11th

---

[1] Plaintiff does attach a document titled "Affidavit" to the Motion, but it includes only one line referencing a "typed statement" purportedly included as Exhibit A. See Affidavit (Doc. 29-1). However, no Exhibit A or typed statement is attached.

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] To the extent Plaintiff asks the Court to investigate the matter, see Motion at 7, this request is due to be denied as that is not the appropriate role of the Court. It is Plaintiff's burden to gather and present evidence in support of her claims. It is the Court's role to adjudicate those claims based on the evidence presented and the applicable law.

Cir. 2011). In light of the foregoing, the Court finds that the Motion is due to be denied. Accordingly, it is

**ORDERED:**

Plaintiff's Motion for New Temporary Restraining Order and Preliminary Injunction on Defendant, Judge John A. Moran III (Doc. 29) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 24th day of October, 2025.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Party