**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

THEREASE ANITA MILES,

Plaintiff,

v. Case No. 3:25-cv-158-MMH-PDB

HON. JOHN AUGUSTINE MORAN II,

Defendant.

---

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Relief From Dismissal Pursuant to Rule 60(b)(3) Against Judge Augustine Moran II (Doc. 50; Motion), filed on June 15, 2026. In the Motion, Plaintiff Therease Anita Miles, who is proceeding pro se, invokes Rule 60(b)(3) of the Federal Rules of Civil Procedure (Rule(s)) and asks the Court to vacate its dismissal of this case. Although the time for doing so has passed, Defendant did not file a response to the Motion. Accordingly, this matter is ripe for review.

## I. Background

Plaintiff initiated this action on February 13, 2025. See Complaint for Violation of Civil Rights (Doc. 1). The Court struck the initial Complaint and Plaintiff filed an Amended Complaint for Violation of Civil Rights (Doc. 6;

Amended Complaint) on April 16, 2025, which was the operative pleading in this action. On October 2, 2025, Defendant filed a motion to dismiss the Amended Complaint (Doc. 21) and Plaintiff responded in opposition on October 15, 2025 (Doc. 28). Upon review of the matter, the Court entered an Order on February 10, 2026, granting Defendant's motion and dismissing this case with prejudice. See Order (Doc. 45). On February 12, 2026, the Clerk of Court entered Judgment (Doc. 46) in accordance with the Court's Order.

Four months later, Plaintiff filed the instant Motion in which she contends that relief is warranted under Rule 60(b)(3) because "the Clerk's Office committed misconduct by deliberately failing to enter Plaintiff's timely submitt[ed] supporting documents into the electronic filing system . . . ." See Motion at 1.[1] According to Plaintiff, the failure to docket her supporting documents "directly caused the dismissal of this case" because, had the clerk filed the documents, they "would have demonstrated that the Defendant's involvement includes continuous harassing, stalking in (FL, MD, and NC) [sic] by using government officials, family members, attorneys, private company employees, and by the Defendant himself." See id. at 3. Plaintiff does not specify when or how she submitted these documents for filing prior to the

[1] At one point in her Motion, Plaintiff describes the misconduct somewhat differently, asserting that the Clerk's Office "had all of Plaintiff's supporting documents removed from the electronic court docket . . . ." See Motion at 1-2.

dismissal of this case, nor does she explain why she waited until four months after the entry of Judgment to raise the issue.

Instead, Plaintiff asserts that she has now "given all of her supporting documents that was not entered in the electronic filing system" to the undersigned. See Motion at 2, Ex. B. Specifically, Plaintiff submits a delivery receipt showing that on March 13, 2026, the Clerk's Office accepted a package addressed to the undersigned's chambers. See id., Ex. B. Notably, this receipt is dated a month after the Court's February 10, 2026 Order dismissing this case and the February 12, 2026 Judgment. See Motion, Ex. B. On June 4, 2026, the Court entered an Order (Doc. 49) acknowledging receipt of this package, which included a letter dated March 13, 2026, and lengthy attachments. See June 4, 2026 Order at 1, Att. 1. In the June 4, 2026 Order, among other things, the Court informed Plaintiff that it was improper to seek relief from the Court via letter and as such, the letter and its attachments would not be filed. See Order at 1 (citing Local Rule 3.01(*l*)). Significantly, the Court also explained that "[r]egardless, the content of the letter and attachments do not in any way call into question the Court's Judgment." Id. at 2 (emphasis added).

## II. Applicable Law

Rule 60(b) "sets forth the grounds on which a court, in its discretion, can rescind or amend a final judgment or order." See Griffin v. Swim-Tech Corp.,

722 F.2d 677, 679 (11th Cir. 1984). Specifically, this Rule allows a party to seek relief from "a final judgment, order, or proceeding" based on:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (4) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

See Rule 60(b). Where, as here, the movant invokes Rule 60(b)(3), it is the moving party's burden to "prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct." Cromity v. City of Orlando, No. 24-13760, 2025 WL 2742414, at *2 (11th Cir. Sept. 26, 2025)[2] (quoting Waddell v. Hendry Cnty. Sheriff's Off., 329 F.3d 1300, 1309 (11th Cir. 2003)). "The moving party must also

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

demonstrate that the conduct prevented [her] from fully presenting [her] case." Id. (alterations in original) (quoting Waddell, 329 F.3d at 1309).

"The purpose of a Rule 60(b) motion is to allow the court to reconsider matters to 'correct obvious errors or injustices and so perhaps obviate the laborious process of appeal.'" See id. at *2 (quoting Carter ex rel. Carter v. United States, 780 F.2d 925, 928 (11th Cir. 1986)). However, a motion under this Rule "'cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" See Terrell v. Sec'y, Dep't of Veterans Affairs, 98 F.4th 1343, 1357 (11th Cir. 2024) (quoting Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009)). Although Rule 60(b) "should be construed in order to do substantial justice, . . . this does not mean that final judgments should be lightly reopened." See Griffin, 722 F.2d at 680 (internal citation omitted). Rather, "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments." Id.

**III. Discussion**

Plaintiff's request for relief under Rule 60 is due to be denied for several reasons. First, to the extent Plaintiff invokes Rule 60(b)(3), this Rule permits relief upon a showing of "misconduct by an opposing party." See Rule 60(b)(3) (emphasis added). Thus, the purported misconduct by the Clerk's Office does not fall within the scope of Rule 60(b)(3). Second, even if another provision of

Rule 60 could apply, Plaintiff is not entitled to relief because she does not provide any evidence that the Clerk's Office committed even a docketing error, much less engaged in intentional misconduct. Cf. Sherman v. Bank of Am. Corp., No. 1:12-CV-3089-CC, 2014 WL 12858087, at *2 (N.D. Ga. Mar. 5, 2014) (granting relief from judgment under Rule 60(a) and Rule 60(b)(1) where record showed that clerk's office had inadvertently mailed court orders to the wrong address). Indeed, Plaintiff offers nothing more than a delivery receipt dated after the entry of Judgment which has no bearing on whether Plaintiff previously attempted to file the documents in that package.[3] Third, even if an error occurred, Plaintiff fails to explain why she delayed in raising this issue until after the entry of Judgment. If Plaintiff intended to attach documents to her April 16, 2025 Amended Complaint or her October 15, 2025 response to Defendant's motion to dismiss, she had ample opportunity to inform the Court of the missing documents prior to the Court's February 10, 2026 Order dismissing this case.[4]

---

[3] Plaintiff also attaches to her Motion a motion to withdraw filed by Defendant's prior counsel on November 20, 2025. See Motion at 1, Ex. A; see also Motion to Withdraw as Counsel (Doc. 41). This document has no conceivable relevance to the purported actions or inactions of the Clerk's Office.

[4] Although unclear, it appears Plaintiff may contend that she attempted to file these "supporting documents" in November 2025. See Motion at 1. If so, she still had more than two months prior to the Court's dismissal of this action to raise the issue. Moreover, even if Plaintiff had succeeded in filing the documents at that time, it would not have affected the outcome as evidence outside the four corners of the Amended Complaint would not have been appropriate for the Court's consideration in resolving the motion to dismiss. See Hayes v. U.S. Bank Nat. Ass'n, 648 F. App'x 883, 887 (11th Cir. 2016) ("In evaluating whether a

Finally, the Court finds that relief under Rule 60(b) is unwarranted because the Court's consideration of these documents would not have altered the outcome of this case. Indeed, as stated in the Court's June 4, 2026 Order, the Court has reviewed the supporting documents and they have no bearing on the immunity and pleading deficiencies that led to the dismissal of the Amended Complaint. See June 4, 2026 Order at 2; see also February 10, 2026 Order. Accordingly, it is

**ORDERED:**

Plaintiff's Motion for Relief From Dismissal Pursuant to Rule 60(b)(3) Against Judge Augustine Moran II (Doc. 50) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of August, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

complaint should be dismissed under Rule 12(b)(6) for failure to state a claim, '[a] court is generally limited to reviewing what is within the four corners of the complaint.'" (quoting Bickley v. Caremark RX, Inc., 461 F.3d 1325, 1329 n.7 (11th Cir. 2006))).